IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL L. WHITE, | * | |
| Petitioner, | * | Civil Action No. RDB-14-1819 |
| v. | * | Criminal Action No. RDB-10-0491 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

*Pro se* Petitioner Michael L. White ("Petitioner" or "White") was convicted by a jury of conspiring to distribute and to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841 (a)(1), respectively. Thereafter, this Court sentenced Petitioner to 120 months of imprisonment and 8 years of supervised release. J., ECF No. 405. Petitioner noted an appeal to the United States Court of Appeals for the Fourth Circuit (ECF No. 407), which affirmed White's conviction. *See United States v. White*, 519 F. App'x. 797 (4th Cir. 2013).

Petitioner then filed the pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 500). Petitioner claims that he received ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution, U.S. Const. amend. VI. Specifically, he asserts that his attorney failed to present exculpatory evidence, cross-examine properly, and timely move for a judgement of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. After the Government filed a Response (ECF No. 513), Petitioner moved to amend his Motion to Vacate (ECF No. 514). However,

1

he failed to assert any additional facts or arguments relating to the pending Motion to Vacate.  Petitioner next filed a Reply to the Government's Response (ECF No. 553) reiterating the arguments asserted in his original Motion to Vacate.

This Court has reviewed the parties' submissions and finds that no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2014).  For the reasons that follow, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 500) is DENIED and Petitioner's Motion to Amend (ECF No. 514) is DENIED as MOOT.[1]  In sum, Petitioner's Motion to Vacate misunderstands the Federal Rules of Criminal Procedure and ignores the record developed during the course of the trial.  Petitioner's ineffective assistance of counsel claims must be dismissed.

## BACKGROUND

Petitioner White was convicted on charges arising from a 2010 conspiracy to distribute cocaine and cocaine base.  Evidence introduced at trial established the following chronology:

On April 5, 2010, after a series of phone conversations between White and Mark Angelo Moore, Jr. ("Moore"), White met Moore at a gas station to purchase cocaine.  An

---

[1] Courts have typically applied Rule 15 of the Federal Rules of Civil Procedure to the amendment of a § 2255 motion. *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000).  Regarding amended complaints, Rule 15(a) instructs that leave to file an amended complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15.  This "liberal rule" reinforces the "federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).  As noted by the United States Court of Appeals for the Fourth Circuit, Rule 15(a) ensures that the "plaintiff [is] given every opportunity to cure a formal defect in his pleading." *Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999) (quoting 5A Charles Allen Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (2d ed. 1990)).  The "liberal rule" of Rule 15(a), however, is not absolute.  A court may deny leave to file an amended complaint when the amendment "would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)).  In this case, Fourth Circuit precedent counsels against granting Petitioner's Motion to Amend as Petitioner's proposed amendments would be futile.  Indeed, Petitioner offers no additional facts or arguments in his Motion to Amend.  He does not even attach an amended petition.  As such, the Motion must be denied.

hour later, White contacted Moore again to arrange another meeting and the two met in a convenience store parking lot for less than one minute. On April 8, 2010, after White called Moore to purchase both powder cocaine and crack cocaine, Petitioner met Moore in a black Nissan at a location in Aberdeen, Maryland. Petitioner then exited the Nissan and entered a white Dodge. After one minute, Petitioner exited the Dodge and re-entered the Nissan. Immediately after this meeting, law enforcement officers stopped the Dodge and discovered crack cocaine in the possession of the driver, Gregory Pitts ("Pitts"). Then, on May 26, 2010, White and Rochelle Stokes ("Stokes") were in a hotel room in Edgewood, Maryland when law enforcement officials executed a search warrant for the room and seized four packets of crack cocaine in Stokes's possession.

Petitioner was charged with conspiring to distribute and to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841 (a)(1). Indictment, ECF No. 1. After a ten-day trial, the jury returned a guilty verdict (ECF No. 34). White subsequently moved for a new trial, arguing that the evidence introduced at trial was insufficient for a conviction. *See* Mot. for New Trial, ECF No. 330. On December 8, 2011, this Court held a hearing on the matter and denied Petitioner's Motion. At the same hearing, Petitioner was sentenced to 120 months of imprisonment and 8 years of supervised release. J., ECF No. 405.

The following day, counsel to Petitioner filed a notice of appeal (ECF No. 407) to the United States Court of Appeals for the Fourth Circuit. On April 3, 2013, the Fourth Circuit affirmed Petitioner's conviction on direct appeal. *See United States v. White*, 519 F. App'x. 797 (4th Cir. 2013). Petitioner then timely filed the pending § 2255 Petition (ECF No. 500).

STANDARD OF REVIEW

Documents filed *pro se* are "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence on grounds that the sentence was imposed in violation of the Constitution or laws of the United States. *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255).

To state a claim for relief under 28 U.S.C. § 2255 based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The first, or "performance," prong of the test requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making this determination, courts observe a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688-89. The second, or "prejudice," prong requires that Petitioner demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

In applying the *Strickland* test, the United States Court of Appeals for the Fourth Circuit has noted that there is no reason to address both prongs of the test if the defendant makes "an insufficient showing on one." *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in satisfying either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697. The Fourth Circuit has noted further that

the mere possibility of a different trial result does not satisfy the burden of proving prejudice placed on the defendant.  *See Hoots v. Allsbrook*, 785 F.2d 1214, 1221 (4th Cir. 1986).

ANALYSIS

In his Motion to Vacate pursuant to 28 U.S.C. § 2255, Petitioner contends that he received ineffective assistance of counsel in violation of his Sixth Amendment rights. Petitioner asserts three primary failures of counsel to satisfy the performance prong: (1) counsel's failure to present available "exculpatory" evidence; (2) counsel's failure to cross-examine properly the Government's witnesses; and (3) counsel's failure to move pursuant to Rule 29 of the Federal Rules of Criminal Procedure for a judgement of acquittal.  Petitioner also attempts to assert a sufficiency of the evidence claim to demonstrate that he suffered the requisite *Strickland* prejudice.  Each argument will be addressed in turn.

I.  Performance under *Strickland*

A. Trial Counsel Failed to Present Available "Exculpatory" Evidence

White first claims that counsel promised, in his opening statement at trial, to introduce certain evidence for the defense, but then failed to produce this evidence. The promised evidence allegedly consisted of urine analysis testing positive for cocaine, as well as certain documents pertaining to Petitioner's prior drug treatment.  White asserts this evidence would have aided his defense by proving that he was a cocaine user, and not a co-conspirator and distributor of cocaine.  The Government subsequently provided to counsel a copy of Petitioner's drug treatment records, which contained statements by Petitioner regarding his positive urine samples and drug use.  *See* Gov't Resp. Ex. 1, ECF No. 513-1. In the statements, Petitioner indicated that "he does not use drugs, however he 'deals' drugs

5

and believes that while handling the drugs it was absorbed into his 'pours' [*sic*] and that's the reason his urine samples tested positive" for cocaine. *Id.*

In *Strickland v. Washington*, 466 U.S. at 689, the Supreme Court opined, "a fair assessment of attorney performance requires . . . evaluat[ing] the conduct from counsel's perspective at the time." Specifically regarding opening statements, the Fourth Circuit has explained that, "in our view, assuming counsel does not know at the time of the opening statement that he will not produce the promised evidence, an informed change of strategy in the midst of trial is 'virtually unchallengeable.'" *Turner v. Williams*, 35 F.3d 872, 904 (4th Cir. 1994) (citing *Strickland*, 446 U.S. at 690), *overruled on other grounds by O'Dell v. Netherland*, 95 F.3d 1214 (1996). Counsel's failure to seek admission of certain evidence must be afforded substantial deference as there is no "particular set of detailed rules for counsel's conduct [that] can satisfactorily take account of the variety of circumstances faced by defense counsel" in the course of trial. *Strickland*, 446 U.S. 688-89.

Although counsel may have originally planned to use White's urine analysis, the communication between counsel and the Government during trial reasonably led counsel to reevaluate and modify his trial strategy. If counsel were to have introduced evidence of White's urine samples that tested positive for cocaine, the Government could have then introduced the evidence of White's excuse for the positive drug test and explicit admission of distribution activities. As such, counsel's decision not to offer the urine analysis evidence was a logical choice to avoid further evidence that could harm his presentation of White as a drug user, and not a co-conspirator and distributor. Counsel's decision to omit the urine analysis was a strategic decision that hardly falls below *Strickland*'s "objective standard of

reasonableness." 466 U.S. at 688. In omitting the evidence, counsel conducted a "sound evaluation of [the] likelihood of success" of the allegedly exculpatory evidence. *United States v. Daniel*, 3 F.3d 775, 779 (4th Cir. 1993). Petitioner thus does not show that counsel's performance was objectively unreasonable under *Strickland*.

### B. Trial Counsel Failed to Cross-Examine Government Witnesses

Petitioner next argues that counsel failed to cross-examine properly the Government's witnesses at trial. In support of his argument, White provides a list of thirteen questions that counsel did not ask during cross-examination.[2] White claims that these questions would have revealed "the government's pathetically weak case." Mot. to Vacate 12-13, ECF No. 500-2. He contends that counsel "failed to introduce any evidence [o]n his client['s] behalf during the most critical stage of the trial." *Id.* at 13. Even further, counsel allegedly failed to rebut evidence "so small that it was a mockery to allow the case to be sent to the jury." *Id.* at 17.

Once again, Petitioner's argument does not demonstrate that counsel's performance fell below an objective standard of reasonableness. Rather, he simply contests counsel's strategic decisions at trial. The Supreme Court cautioned in *Strickland* that "it is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." 466 U.S. at 690. Given this temptation, the Fourth Circuit has advised against engaging in "a grading of the quality of counsel's cross-examination." *Hunt v. Nuth*, 57 F.3d 1327, 1333 (4th Cir. 1995). A review of the trial record reveals that counsel subjected

---

[2] In his Motion to Vacate, Petitioner includes a list of specific allegations regarding counsel's failure to cross-examine properly the Government's witnesses. One such allegation states, "He failed to ask if Petitioner's phone was tapped to establish that there was no evidence of Petitioner having any kind of [drug] clientele base." Mot. to Vacate 13, ECF No. 500-2. Petitioner also contends counsel "failed to ask Detective Underhill if there was any evidence (i.e. monies seized, bank accounts) that showed Petitioner had derived any profits from purported drug transactions." *Id.*

government witnesses to rigorous cross-examination. This questioning clarified the number of White's phone calls intercepted by law enforcement, created an inference that White was a drug user rather than co-conspirator and distributor, and attempted to cast doubt on the evidence showing that White had provided the cocaine discovered in the vehicle driven by Pitts. Petitioner cannot simply provide a list of questions counsel did not ask during cross-examination to prove ineffective assistance of counsel. The scope of the questions posed during cross-examination falls directly within counsel's discretion to form a strategy for trial. This Court will not "grad[e]" counsel's performance, as Petitioner's disagreement with counsel's questions does not amount to deficient performance under *Strickland*.

### C. Counsel Forfeited a Rule 29 Motion

White's third argument for deficient performance is his belief that counsel should have advised him of his right to move for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure during trial. Petitioner claims that counsel forfeited his opportunity to make a Rule 29 motion in the middle of trial. White supports his argument by citing counsel's affirmative answer to a question by the Court: "So the record is clear at the time of raising a Rule 29 motion you recognize [whether or not the drugs found in Pitts's car were procured from White] as a factual question." Tr. 46:9-12, ECF No. 448.

Under Rule 29, a court "must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29. The burden rests with the defendant to move for a judgment of acquittal. *Id.* Defendant submits this motion, not at some random point during the trial, but rather after the government closes its evidence or after the close of all evidence. *Id.*

8

White clearly misunderstands the procedural dictates of Rule 29 and misinterprets counsel's actions as forfeiting a Rule 29 motion. According to the record, counsel approached this Court as a precautionary measure to ensure certain hearsay testimony harmful to the defense would not be accidentally mentioned at trial. Tr. 39:6-46:22, ECF No. 448. Counsel did not mention any intentions with regards to Rule 29. Indeed, to do so at that point in the trial would be untimely under Rule 29. Counsel then moved for a judgment of acquittal at the proper time—the close of the Government's case. As support, counsel argued that the Government had offered minimal evidence that White was a co-conspirator and distributor of cocaine, as opposed to merely a buyer. Based on the evidence offered at trial, this Court denied that motion. Since counsel did not forfeit any opportunity to make a Rule 29 motion—indeed, he *made* such a motion—Petitioner can show no constitutionally deficient performance.

## II. Prejudice under *Strickland*

Finally, White claims that he was prejudiced by ineffective assistance of counsel because he was convicted "based upon virtually no evidence of guilt other than the subjective misinterpretation of one brief meeting between Petitioner, co-defendant Mark Moore and Mr. Gregory Pitts." Mot. to Vacate at 5. Petitioner's attempt to show prejudice, however, is instead an effort to relitigate the sufficiency of the evidence inquiry. A sufficiency of the evidence argument is properly raised on direct appeal, and not collateral review. *See United States v. Nealy*, 840 F.2d 11, 1988 WL 12850, *4 (4th Cir. 1988) ("Prisoners adjudged guilty of crime should understand that 28 U.S.C. § 2255 does not give them the right to try over again the cases in which they have been adjudged guilty."). As the Fourth

9

Circuit has repeatedly recognized, issues fully litigated on direct appeal cannot be raised on collateral attack. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (stating a defendant may not "recast under the guise of collateral attack, questions fully considered by this court [on direct appeal]").

In this case, the Fourth Circuit reviewed *de novo* Petitioner's contention that the Government presented insufficient evidence to support his conviction. *See United States v. White*, 519 F. App'x. 797 (4th Cir. 2013). The court then found no error, holding that the Government's evidence was sufficient for a reasonable juror to find Petitioner guilty of conspiracy to distribute cocaine and cocaine base and possession with intent to distribute cocaine and cocaine base. *See id.* White cannot now relitigate the sufficiency of the evidence upon which he was convicted in the guise of a Sixth Amendment ineffective assistance of counsel claim. As White offers no other arguments for prejudice, he fails to show that he suffered prejudice within the ambit of *Strickland*.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 500) is DENIED and Petitioner's Motion to Amend (ECF No. 514) is DENIED as MOOT. In sum, Petitioner's Motion to Vacate misunderstands the Federal Rules of Criminal Procedure and ignores the facts developed during the course of the trial. Petitioner's ineffective assistance of counsel claims must be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an

appeal from the court's earlier order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.  *See Miller–El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

    A separate Order follows.

Dated:     February 12, 2016

                                                                                                   /s/
                                                                          Richard D. Bennett
                                                                          United States District Judge